# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-706V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * *
L. RUTHER,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.
* * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Filed: January 22, 2020

Dismissal; Failure to Adhere to Orders

*L. Ruther*, Pro Se, Orlando, FL.

*Heather Lynn Prealman*, U.S. Department of Justice, Washington, D.C., for Respondent.

## DECISION DISMISSING CASE[1]

On May 6, 2019, L. Ruther filed a petition (*pro se*) seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Therein, Petitioner seems to seek compensation on behalf of his deceased nephew, Timothy Derringer, alleging that a flu vaccine Mr. Derringer received caused his death. Pet. at 1; *see also* ECF No. 10. Petitioner did not file with his Petition—and to this date has still not filed—any medical records or other evidence to support his claim, however, nor was it self-evident from the Petition when the relevant vaccine was administered or when Mr. Derringer died.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On June 4, 2019, the first status conference in this matter was held. At this time, I explained to Petitioner that Section 16(a)(3) imposes a strict two-year statute of limitations in cases of alleged vaccine-related death. *Id.* I therefore asked Petitioner to clarify factually some of his allegations relevant to the claim's timeliness. I also encouraged Petitioner to begin seeking relevant medical records to his claim as soon as possible. *Id.* Later, Respondent assisted Petitioner in this undertaking. (ECF Nos. 22, 25).

During another status conference on October 11, 2019 (ECF No. 27), Petitioner indicated that that Mr. Derringer might have died about five years ago. I explained to Petitioner that this likely meant his claim was time barred pursuant to Section 16(a)(2) or (3). I therefore informed Petitioner that he would have to so show cause. On October 15, 2019, I set a deadline of November 15, 2019, for Petitioner to show cause. (ECF No. 29). Petitioner did not respond, and I issued two more orders instructing Petitioner to respond or risk having his case dismissed. (ECF Nos. 30, 31). None received a response.

Inaction and failure to abide by court orders is grounds for dismissal of a Vaccine Program claim. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), 991 F.2d 810 (Fed. Cir. 1993), *aff'd per curiam without opin.*; *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b). Petitioner has not filed any supporting information regarding his claim despite repeated warnings and opportunities to do so. *See* (ECF Nos. 29, 30, 31).

Under the Vaccine Act, a petitioner may not receive an award of compensation based on his claims alone. In this case, there is insufficient evidence for Petitioner to meet his burden of proof, or to establish the timeliness of the present claim. Accordingly, in keeping with Section 11(c)(1)(A), his claim cannot succeed and must be dismissed.

I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.